Andrew J. Shamis (WSBA 61955)
Edwin E. Elliott (to be admitted *pro hac vice*)
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: 305-479-2299
ashamis@shamisgentile.com
edwine@shamisgentile.com

Sophia Goren Gold (to be admitted *pro hac vice*)
**KALIEL GOLD PLLC**
950 Gilman Street, Suite 200
Berkeley, California 94710
Telephone: (202) 350-4783
sgold@kalielgold.com

Jeffrey D. Kaliel (to be admitted *pro hac vice*)
Amanda J. Rosenberg (to be admitted *pro hac vice*)
**KALIEL GOLD PLLC**
1100 15th Street NW 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783
jkaliel@kalielgold.com
arosenberg@kalielgold.com

*Counsel for Plaintiff and Proposed Class*

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHERMAN HUNT, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>  vs.<br><br>ICF TECHNOLOGY INC. d/b/a ECHST.NET<br><br>     Defendant. | Case No. 2:24-cv-01679<br><br>**AMENDED CLASS ACTION COMPLAINT** |

    Plaintiff Sherman Hunt, on behalf of himself and all others similarly situated, complains and

alleges upon information and belief based, among other things, upon the investigation made by

Plaintiff and through his attorneys as follows:

**INTRODUCTION**

1.     This is a proposed class action seeking monetary damages, restitution, and injunctive and declaratory relief from Defendant ICF Technology Inc. d/b/a ECHST.net ("Defendant") arising from Defendant's deceptive and fraudulent billing practices.

2.     Specifically, Plaintiff was repeatedly charged by Defendant for transactions he did not authorize. On information and belief, Defendant systematically charges consumers amounts above and beyond what the consumer agreed to pay.

3.     Plaintiff and Class members have been injured by Defendant's deceptive and fraudulent practices. Plaintiff brings this action on behalf of himself, the putative Class, and the general public. Plaintiff seeks actual damages, punitive damages, restitution, and an injunction on behalf of the general public to prevent Defendant from continuing to engage in its illegal practices described herein.

**PARTIES**

4.     Plaintiff Sherman Hunt is a citizen and resident of West Virginia.

5.     Defendant ICF Technology Inc. d/b/a ECHST.NET provides billing services to adult entertainment websites. Defendant maintains its headquarters in Seattle, Washington.

**JURISDICTION AND VENUE**

6.     Defendant contends this Court has subject-matter jurisdiction. *See* Dkt. No. 1.

7.     Defendant regularly and systematically conducts business and provides billing services in this state, including to Plaintiff and members of the putative Class. As such, it is subject to the jurisdiction of this Court.

8.     Venue is likewise proper in this county because Defendant resides in this County and transacts business in this county, and the events or omissions giving rise to the claims asserted herein occurred and continue to occur in this County.

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

AMENDED CLASS ACTION COMPLAINT

9.    According to a recent study, 30% of all data transferred across the Internet is pornography and pornography sites get more visitors each month than Netflix, Amazon and Twitter combined.[1]

10.    Globally, pornography is a $97 billion industry, with an estimated $10-$12 billion coming from the United States.[2]

11.    10.5 percent of U.S. men have paid for Internet pornography subscriptions.[3]

12.    But as ubiquitous as it is, the pornography industry remains highly unregulated, and remains fertile ground for fraudulent business practices such as those that are the subject of this complaint.

13.    This lawsuit seeks to hold Defendant accountable for its deceptive billing practices that, in any other industry, would have ended years ago.

14.    Specifically, on information and belief, after consumers make a purchase through an adult entertainment website that uses Defendant as its billing service, armed with consumers' debit or credit card information, Defendant later systematically charges consumers amounts above and beyond what the consumer agreed to pay.

15.    As an example, Plaintiff Hunt used an adult entertainment website in the summer of 2023, which required that he provide payment information. After providing the information, Mr. Hunt was repeatedly billed by Defendant over and over in excess of what he authorized. In total, Mr. Hunt incurred over $300 in unauthorized charges from ECHST.net between July 2023 and September 2023. In these months, Plaintiff Hunt was repeatedly billed by Defendant for transactions he did not authorize.

---

[1] "Porn Sites Get More Visitors Each Month Than Netflix, Amazon And Twitter Combined," Huffington Post, available at https://www.huffpost.com/entry/internet-porn-stats_n_3187682 (last accessed May 15, 2021)
[2] "Things Are Looking Up in America's Porn Industry," NBC News, available at https://www.nbcnews.com/business/business-news/things-are-looking-americas-porn-industry-n289431 (last accessed May 15, 2021).
[3] "How Many Men Actually Pay for This?," Bustle, available at https://www.bustle.com/articles/189498-how-many-men-actually-pay-for-porn-one-in-10-guys-have-paid-porn-subscriptions (last accessed May 15, 2021).

16.    Numerous consumer complaints about Defendant confirm Plaintiff's experience is far from unusual. The following sample of online consumer complaints are indicative of a broader problem:

I logged on to this website helping the developers of an age verification app test it's performance. I used my debit card as I was told it was just to prove my age, there wasn't going to be any charges. The membership was free. I logged on approximately a total of 30 minutes. After I successfully logged off, I started getting random charges from Echst for nothing. I received an email stating I would be refunded these charges but I have yet to see any of it.[4]

Your company has charged and billed me 4 times. Luckily, they were all rejected. I wonder why? So, in reality, I am kind of relieved that my bank rejected your payment requests 4 times. Kindly let me know what your company does, and what your company can offer for the money you are charging? Finally, please STOP making anymore requests to collect the $2.00 charges (multiple times) from my bank account.[5]

A mysterious $14.95 charge appeared on my MASTERCARD from echst.net. I contacted the vendor (866) 452 5108. They asked for the "first four" and " last six". numbers of my credit card. I don't feel comfortable providing this much data about my MASTERCARD, and will just dispute charge. Vendor was rude and condescending.[6]

When they continued to charge my card consecutively, my bank perked up it's ears the second time it happened and text my phone asking if I tried to use the website or specifically ECHST. I simply replied no, and it blocked them from everything pulling anything from me again. Though they're terrible in every way, just thought I'd throw out that little tid bit to help at least someone.[7]

This is a billing company for multiple adult cam websites, where they are untruthful, screw up the billing and have terrible customer service. I've been a member of a particular website for years and ECHST.NET is the billing company. I have been eroneously [sic] charged on several occasions and on a large number of occasions, they charged the wrong card, even after initiating a new one. Upon contacting customer service, they simply tell me there is nothing they can do and that I should've contacted them. Well, they are either never available or super rude. STAY

---

[4] *See* https://www.trustpilot.com/review/echst (last accessed November 12, 2024).

[5] *Id.*

[6] *Id.*

[7] *Id.*

4

AMENDED CLASS ACTION COMPLAINT

AWAY FROM THEM. Find another cam site that uses another billing company. If you dispute, they try to threaten you with "legal" and/or "police" action, which is unlawful and their nature is super rude.[8]

All they do is keep charging your account. Don't ever give them your credit or debit card numbers. To join their websites is confusing at the least and a scam at the worst. There's plenty of free Porn on the internet. Stay away from joining any porn website there is plenty of free websites.[9]

This company that bills for porn sites is a total fraud thank goodness I used a card that blocks charges that I don't approve. They billed me a whopping 38.48 I had no idea what the charge was for. I got on the live chat and the only thing that they would tell me was the account was closed when I called ECHST tbe [*sic*] customer service guy was so rude. I will be filing a BBB report as well as a attorney general's report as well.[10]

17.    Defendant's conduct as described herein breaches its contract with consumers.

18.    Plaintiff and class members did not agree to be charged for any product or service beyond what was purchased.

19.    By charging Plaintiff and class members for additional services or products that they did not affirmatively select, Defendant breaches its contract.

## **CLASS ALLEGATIONS**

20.    Plaintiff brings this action on behalf of himself, and all others similarly situated. The proposed Class is defined as:

> All consumers who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, sustained unauthorized charges by Defendant that were not refunded.

21.    Excluded from the Class are Defendant, any entities in which they have a controlling interest, any of their parents, subsidiaries, affiliates, officers, directors, employees and members of such persons' immediate families, and the presiding judge(s) in this case, and their staff. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of

---

[8] *Id.*

[9] *Id.*

[10] *Id.*

AMENDED CLASS ACTION COMPLAINT

1    one or more subclass, in connection with his motion for class certification, or at any other time, based

2    upon, *inter alia,* changing circumstances and/or new facts obtained during discovery.

3        22.    Plaintiff reserves the right to modify or amend the definition of the proposed Class

4    and/or add a subclass(es), if necessary, before this Court determines whether certification is

5    appropriate.

6        23.    The questions here are ones of common or general interest such that there is a well-

7    defined community of interest among the members of the Class. These questions predominate over

8    questions that may affect only individual class members because Defendant has acted on grounds

9    generally applicable to the Class. Such common legal or factual questions include, but are not limited

10   to:

11       a.    Whether Defendant's alleged misconduct misled or had the tendency to mislead

12           consumers;

13       b.    Whether Defendant engaged in unfair, unlawful, and/or fraudulent business practices

14           under the laws asserted;

15       c.    Whether Defendant's alleged conduct constitutes violations of the laws asserted;

16       d.    Whether Defendant breached its contract with consumers;

17       e.    Whether Plaintiff and members of the Class were harmed by Defendant's

18           misrepresentations;

19       f.    Whether Defendant was unjustly enriched;

20       g.    Whether Plaintiff and the Class have been damaged, and if so, the proper measure of

21           damages; and

22       h.    Whether an injunction is necessary to prevent Defendant from continuing to engage in

23           the wrongful conduct described herein.

24       24.    The parties are numerous such that joinder is impracticable. Upon information and

25   belief, and subject to class discovery, the Class consists of thousands of members or more, the identity

26   of whom are within the exclusive knowledge of and can be ascertained only by resort to Defendant's

27   records. Defendant has the administrative capability through its computer systems and other records

28

6

AMENDED CLASS ACTION COMPLAINT

to identify all members of the Class, and such specific information is not otherwise available to Plaintiff.

25.     It is impracticable to bring members of the Class' individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

26.     Plaintiff's claims are typical of the claims of the other members of the Class in that they arise out of the same wrongful business practices by Defendant, as described herein.

27.     Plaintiff is more than adequate representative of the Class in that Plaintiff is Defendant's customer and has suffered damages as a result of Defendant's contract violations. In addition:

    a)     Plaintiff is committed to the vigorous prosecution of this action on behalf of himself and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of accountholders against financial institutions;

    b)     There is no conflict of interest between Plaintiff and the unnamed members of the Class;

    c)     Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

    d)     Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

28.     Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

29.     Defendant has acted or refused to act on grounds generally applicable to the class,

AMENDED CLASS ACTION COMPLAINT

thereby making appropriate corresponding declaratory relief with respect to the Class as a whole.

30.    All conditions precedent to bringing this action have been satisfied and/or waived.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**Breach of Contract, Including Breach of the Covenant of Good Faith and Fair Dealing**
**(On Behalf of Plaintiff and the Class)**

31.    Plaintiff realleges the preceding paragraphs as though fully set forth herein.

32.    Plaintiff and Defendant contracted for certain products and services related to adult entertainment sites.

33.    No contract provision authorizes Defendant to charge consumers for more than the product or service affirmatively purchased.

34.    Therefore, Defendant breached the terms of its contract.

35.    In addition, there exists an implied covenant of good faith and fair dealing in all contracts that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit – not merely the letter – of the bargain.  Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

36.    Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes their conduct to be justified.  Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty.  Examples of bad faith are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

37.    The implied covenant of good faith and fair dealing applies to the performance and enforcement of contracts, limits the parties' conduct when their contract defers decision on a particular term, omits terms, or provides ambiguous terms.

AMENDED CLASS ACTION COMPLAINT

38.     Defendant has breached the covenant of good faith and fair dealing and abused its discretion in its contract as described herein.

39.     Plaintiff and members of the Class have performed all, or substantially all, of the obligations imposed on them under the contract.

40.     Plaintiff and members of the Class have sustained damages as a result of Defendant' breaches of the contract.

## SECOND CLAIM FOR RELIEF
**Violations of the Washington Consumer Protection Act, RCW 19.86.010, *et. seq.***
**(On Behalf of Plaintiff and the Class)**

41.     Plaintiff incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

42.     Washington's Consumer Protection Act, RCW Ch. 19.86 (the "CPA"), protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

43.     To achieve that goal, the CPA prohibits any person from using "unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." RCW 19.86.020.

44.     Plaintiff and members of the Class are "persons" as defined in RCW 19.86.010(1).

45.     Defendant is a "person" as defined in RCW 19.86.010(1).

46.     As alleged herein, Defendant's routine policy and practices of deducting amounts from consumers beyond amounts that consumers agreed to and without authorization violates the CPA because it is unfair and deceptive.

47.     Defendant's policies and practices are deceptive because Defendant misrepresents its charging practices.

48.     Defendant's policies and practices of misrepresenting its charging practices has the capacity to deceive a substantial portion of the purchasing public.

49.     Moreover, violations of regulatory statutes that are designed to protect consumers are per se violations of the CPA.

AMENDED CLASS ACTION COMPLAINT

50.     As explained here, the EFTA is a remedial statute designed to protect consumers from errors in electronic fund transfers. Because the EFTA is designed to protect consumers, Defendant's business practices of routinely charging consumers without authorization violates these regulations and constitutes a per se violation of the CPA

51.     Defendant's conduct was also unfair. These practices were, and are, likely to cause substantial injury to consumers in the form of excessive, additional charges. These charges were not reasonably avoidable by consumers and not outweighed by countervailing benefits.

52.     Had Plaintiff and members of the Class been aware that they were going to be charged in this manner, Plaintiff and members of the Class would not have entered into such transactions and would not have incurred such charges.

53.     As a direct and proximate result of Defendant's deceptive acts and practices in violation of the CPA, Plaintiff and members of the Class have been injured in their business or property, as they have incurred more fees than they should have and have suffered monetary damages for which Defendant is liable.

54.     Plaintiff and members of the Class seek actual damages plus interest at the legal rate, as well as all other just and proper relief afforded by the CPA. As redress for Defendant's repeated and ongoing violations, Plaintiff and members of the Class are entitled to, *inter alia*, actual damages, treble damages, attorneys' fees, and injunctive relief.

**THIRD CLAIM FOR RELIEF**
**Violation of the EFTA (Regulation E), 12 C.F.R. § 1005, *et seq*.;**
**Authority Derived From 15 U.S.C. § 1693, *et seq*.**
**(On behalf Plaintiff and the Class)**

55.     Plaintiff incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

56.     Plaintiff seeks to recover for Defendant's violations of the Electronic Funds Transfer Act on behalf of himself and the Class.

57.     The EFTA provides a basic framework establishing the rights, liabilities, and

AMENDED CLASS ACTION COMPLAINT

responsibilities of participants in an electronic fund transfer system.[11] The "primary objective" of the EFTA "is the provision of individual consumer rights."[12]

58.     Any waiver of EFTA rights is void. "No writing or other agreement between a consumer and any other person may contain any provision which constitutes a waiver of any right conferred or cause of action created by this subchapter."[13]

59.     Defendant's transfers of money from the financial accounts of Plaintiff and Class Members, as alleged herein, are "electronic fund transfers" within the meaning of the EFTA and the EFTA's implementing regulations, known as Regulation E and codified at 12 C.F.R. §§ 205, *et seq.* An "electronic fund transfer" means "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account."[14] The term is expressly defined to include "[t]ransfers resulting from debit card transactions, whether or not initiated through an electronic terminal."[15]

60.     The EFTA defines the term "preauthorized electronic transfer" as "an electronic fund transfer authorized in advance to recur at substantially regular intervals."[16] The Official Staff Interpretation of Regulation E describes a "preauthorized electronic transfer" as "one authorized by the consumer in advance of a transfer that will take place on a recurring basis, at substantially regular

---

[11] 15 U.S.C. §§ 1693, *et seq.*

[12] *Id.* § 1693(b).

[13] *Id.* § 1693(l).

[14] *Id.* § 1693(a)(7).

[15] 12 C.F.R. § 205.3(b)(v).

[16] 15 U.S.C. § 1693(a)(9).

AMENDED CLASS ACTION COMPLAINT

intervals, and will require no further action by the consumer to initiate the transfer."[17]

61.    Section 1693e(a) of the EFTA prohibits preauthorized electronic transfers without written authorization: "A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made." Similarly, Regulation E provides: "Preauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."[18]

62.    Plaintiff and Class Members each maintained an "account" as that term is defined by 15 U.S.C. § 1693(a)(2) and are "consumers" within the meaning of 15 U.S.C. § 1693(a)(5).

63.    Defendant uniformly and routinely initiated preauthorized electronic fund transfers and took money from the bank accounts of Plaintiff and Class Members without obtaining their written authorization for the transfers, as required by the EFTA and Regulation E. Specifically, Defendant took money from Plaintiff's and Class Members' bank accounts without written authorization when Defendant charged Plaintiff's and Class Members' accounts without any authorization for such transfers. For example, Defendant took money from Plaintiff's bank account on September 11, 12, 20, and 25, 2023 in the amounts of $14.00, $14.00, $6.00, and $26.00, respectively, without authorization.

64.    The Official Staff Interpretation of Regulation E explains, "when a third-party payee," such as Defendant, "fails to obtain the authorization in writing or fails to give a copy to the consumer . . . it is the third-party payee that is in violation of the regulation."[19]

65.    As a direct and proximate result of Defendant's violations of the EFTA and Regulation

---

[17] 12 C.F.R. Part 205, Supp. I, § 205.2(k), cmt. 1.

[18] *Id.* § 205.10(b).

[19] 12 C.F.R. Part 205, Supp. I, § 205.10(b), cmt. 2.

AMENDED CLASS ACTION COMPLAINT

E, Plaintiff and Class Members have suffered damages in the amount of the unauthorized debits taken by Defendant.[20] As a further direct and proximate result of Defendant's violations of the EFTA and Regulation E, Plaintiff and Class Members are entitled to recover statutory damages in the amount of "the lesser of $500,000 or 1 per centum of the net worth of the defendant."[21]

66.    Pursuant to 15 U.S.C. § 1693(m), Plaintiff and Class Members are also entitled to recover costs of suit and attorneys' fees from Defendant.

### FOURTH CLAIM FOR RELIEF
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Class)**

67.    Plaintiff incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

68.    Plaintiff, individually and on behalf of the Class, asserts a common law claim for unjust enrichment. This claim is brought solely in the alternative to Plaintiff's breach of contract claim and applies only if the parties' contract is deemed unconscionable or otherwise unenforceable for any reason. In such circumstances, unjust enrichment will dictate that Defendant disgorge all improperly charged amounts.

69.    Defendant has unjustly retained a benefit in the form of improper fees to the detriment of Plaintiff and members of the Class.

70.    Defendant has retained this benefit through its fee maximization scheme, and such retention violates fundamental principles of justice, equity, and good conscience.

71.    Defendant should not be allowed to profit or enrich itself inequitable and unjustly at the expense of Plaintiff and the members of the Class and should be required to make restitution to Plaintiff and the members of the Class.

### PRAYER FOR RELIEF

---

[20] 15 U.S.C. § 1693(m).

[21] Id. § 1693(m)(a)(2)(B).

13

1    **WHEREFORE**, Plaintiff, individually and on behalf of the Class demand a jury trial on all

2    claims so triable and judgment as follows:

3         (a)    Certification for this matter to proceed as a class action on behalf of the Class;

4         (b)    Declaring Defendant's billing practices and policies to be in breach of its contract with

5                  customers;

6         (c)    For declaratory and injunctive relief as set forth above;

7         (d)    For an order requiring Defendant to disgorge and make restitution of all monies it

8                  acquired by means of the unlawful practices set forth above;

9         (e)    For compensatory damages according to proof;

10        (f)    For punitive damages according to proof;

11        (g)    For reasonable attorneys' fees and costs of suit;

12        (h)    For pre-judgment interest; and

13        (i)    Awarding such other and further relief as this Court deems just, proper and equitable.

14   <u>**DEMAND FOR JURY TRIAL**</u>

15   Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this Class

16   Action Complaint that are so triable.

17

18   Dated: November 12, 2024          Respectfully submitted,

19                                 */s/ Andrew J. Shamis*
                                   Andrew J. Shamis (WSBA No. 61955)

20                                 Edwin E. Elliott (to be admitted *pro hac vice*)
                                   **SHAMIS & GENTILE, P.A.**

21                                 14 NE 1st Avenue, Suite 705
                                   Miami, Florida 33132

22                                 Telephone: 305-479-2299
                                   ashamis@shamisgentile.com

23                                 edwine@shamisgentile.com

24                                 Sophia Goren Gold (to be admitted *pro hac vice*)
                                   **KALIEL GOLD PLLC**

25                                 950 Gilman Street, Suite 200
                                   Berkeley, California 94710

26                                 Telephone: (202) 350-4783
                                   sgold@kalielgold.com

27                                 Jeffrey D. Kaliel (to be admitted *pro hac vice*)

28                                 Amanda J. Rosenberg (to be admitted *pro hac vice*)
                                   **KALIEL GOLD PLLC**

14

1100 15th Street NW 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783
jkaliel@kalielgold.com
arosenberg@kalielgold.com

Scott Edelsberg (to be admitted *pro hac vice*)
**EDELSBERG LAW, P.A.**
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (305) 975-3320
scott@edelsberglaw.com

15

AMENDED CLASS ACTION COMPLAINT